THOMAS WENTWORTH *versus* CHARLES KEAZER & *al.*

A certified copy by a justice of the peace, of a record of a judgment rendered by him, is the proper evidence, on a plea of *nul tiel record*, to support an action of debt upon such judgment.

But it is competent for the defendants to prove, by parol, that what purports to be such a certified copy is not authentic.

One who has been a justice of the peace, has no authority to certify copies after two years from the expiration of his commission. Authentications made by him after that term are merely void.

EXCEPTIONS from the District Court.

Debt, upon a judgment recovered before A. G. Brown, Esq. a justice of the peace. Plea, *nul tiel record*.

The plaintiff offered a paper purporting to be a certified copy of the record of the judgment, to which the defendants objected.

The defendants offered to prove by parol that Brown was not a justice of the peace at the date of said judgment; that he had removed from the State of Maine without depositing his records in the office of the clerk of the Courts of the county for which he was commissioned; that the same had not been transcribed by any other justice of the peace ; that seven years and more had elapsed since said Brown had been a justice, during which time he has constantly resided without the State ; and that the paper aforesaid was signed and certified by h.m since the commencement of this suit.

The Court rejected that evidence ; and ruled that a copy of the record, duly certified, was the proper evidence to maintain the action ; and that the paper offered was admissible, and sufficient for that purpose.

*A. Sanborn,* for plaintiff.

*Dinsmore,* contra.

Howard, J. — The ruling of the Judge of the District Court that a copy of the record of a judgment of a justice of the peace, duly certified and authenticated, was the proper evidence to maintain the plaintiff's action upon the issue of *nul tiel record,* was undoubtedly correct. But it was competent for the defendant to show, that what purported to be a certified copy, was not authentic. It was competent for him to prove by parol, as he proposed to do, that more than seven years had elapsed after the justice's commission had expired, without renewal, before he certified the copies of his judgment in this case. R. S. chap. 116, § 28. This statute restricts the authority of such justice to certify copies of judgments rendered by him, to two years from the time his commission expired. If made after that time, his certificate would not be competent or admissible evidence. *Exceptions sustained.*